UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DARRYL L. BENSON, | ) | CASE NO. 1:06 CV 2873 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| MICHELE EBERLIN, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

On November 29, 2006, petitioner pro se Darryl L. Benson filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.[1] Benson is incarcerated in an Ohio penal institution, having been convicted of aggravated robbery with a firearm specification, aggravated burglary with a firearm specification, and carrying a concealed weapon, pursuant to a guilty plea, in February 2001. As grounds for the petition, Benson asserts that his concurrent sentences of nine years violates the principles of United States v.Booker, 543 U.S. 220 (2005), and Blakely v. Washington, 542 U.S. 296 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000).

---

[1] While the petition purports to be filed also on behalf of two other inmates, Cecil Jones Jr. and Myron Spears, neither of these individuals signed the petition. Because there is no indication that Benson is an licensed attorney, he may not file anything on behalf of others, 28 U.S.C. § 1654, and is therefore deemed the only petitioner in this case.

A federal district court may entertain a petition for a writ of habeas corpus by a person in state custody only on the ground that the custody violates the Constitution or laws of the United States.  Furthermore, the petitioner must have exhausted all available state remedies.  28 U.S.C. § 2254.  Finally, persons in custody pursuant to a state court judgment must file any federal habeas petition within one year of the latest of:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) provides:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

As a threshold matter, it is evident on the face of the petition that it has not been timely filed.  Benson's 2006 Ohio habeas petition cannot "retrigger" the statute of limitations, almost six years after conviction, for bringing a federal habeas

action.  Cf.  Searcy v. Carter, 246 F.3d 515 (2001)(filing of delayed appeal to Ohio Supreme Court does not cause federal habeas statute of limitations to begin running anew).  Further, the sentencing rules set forth in Booker and Blakely do not apply retroactively in collateral habeas proceedings.  Humphress v. United States, 398 F.3d 855 (6th Cir. 2005).

Accordingly, this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed.R.App.P. 22(b); 28 U.S.C. § 2253.

IT IS SO ORDERED.

S/John R. Adams January 31, 2007
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE